## PRIOLEAU v. TRIMBLE.

(Court of Appeals of District of Columbia.  Submitted October 10, 1919. Decided November 3, 1919.)

### No. 3246.

UNITED STATES ☞50—CLERK OF HOUSE; ACTION AGAINST FOR FAILURE TO PRINT TESTIMONY IN ELECTION CONTEST.

Declaration of contestant of seat in House of Representatives in action against clerk of that body for alleged failure to print testimony forwarded to him *held* bad in not showing compliance with the requirements of the statute, in the nature of conditions precedent; allegations as to notice of contest, under Rev. St. § 105 (Comp. St. § 161), being conclusions, and compliance with section 127, as amended (section 184), as to forwarding testimony, not being shown.

Appeal from the Supreme Court of the District of Columbia.

Action by Aaron P. Prioleau against South Trimble.  From adverse judgment, plaintiff appeals.  Affirmed.

J. H. Stewart, of Washington, D. C. (James L. Neill, of Washington, D. C., on the brief), for appellant.

J. T. Lloyd and A. L. Sinclair, both of Washington, D. C., for appellee.

ROBB, Associate Justice.  In his amended declaration appellant sought to hold appellee in damages because of an alleged failure by appellee, as clerk of the House of Representatives, to print testimony in two election contests, in each of which appellant was the contestant. The appeal is from a judgment sustaining appellee's demurrer to the declaration as amended.

According to the averments of the amended declaration, appellee was clerk of the House of Representatives of the 63d Congress, and it was his duty to receive the papers and written testimony from contestants and contestees in election contests, to have such papers and testimony printed by the public printer, to forward two copies of the printed record to the parties in the contest, and to lay the printed record before the elections committee of Congress at the earliest opportunity. Appellant was the Republican candidate from the First congressional district of South Carolina in the election held on the 5th of November, 1912, and Hon. George S. Legare was the Democratic candidate. "In due time as required by law" appellant "notified Hon. George S. Legare in writing" that appellant contested the latter's election.  Thereafter, on the 31st of January, 1913, Mr. Legare died, and in the following April "a pretended special congressional election, unauthorized by law," was held to fill the vacancy created by the death of Mr. Legare. Appellant again was the Republican candidate, and Hon. Richard S. Whaley the Democratic candidate. "In due time as required by law in election contests" appellant served written notice upon Mr. Whaley that he would contest the latter's election, and "in due time as required by law the necessary notices were given to each contestee and the neces-

sary testimony as required by law was taken" in plaintiff's [appellant's] contests against Mr. Legare and Mr. Whaley, "and on or about the 27th day of October, 1913, plaintiff [appellant] forwarded by registered mail in an envelope addressed to the defendant [appellee], being clerk of the House of Representatives at Washington, D. C., the papers and testimony in plaintiff's [appellant's] contest." Appellee received these papers and testimony, but, disregarding his duty to appellant, did not have them printed and "thereby unlawfully deprived the plaintiff [appellant] of his benefits and rights of contest," etc., to appellant's damage in the sum of $20,000.

In election contests in the House of Representatives the statute requires the contestant, within 30 days after the result of the election has been determined "by the officer or board of canvassers authorized by law," to give written notice to the member whose seat he contests, and to specify particularly the grounds upon which he relies. R. S. § 105 (U. S. Comp. Stats. § 161). Appellant, in his declaration here, does not aver that the result of the election had been so determined, nor does he aver facts from which the court might determine whether or not he had complied with the law as to the giving of notice to the contestee. In other words, the averment is a conclusion of law, and not a statement of fact.

But a more serious defect is found in the averment that appellant forwarded "the papers and testimony" to appellee. Whether those papers and testimony conformed to the requirements of the statute the court may not determine, because the pleader again has indulged in conclusions of law rather than in statements of fact; but it does clearly appear that there was a failure to comply with the statute requiring an officer taking testimony in an election contest promptly to "certify and carefully seal and immediately forward the same, by mail or by express, addressed to the clerk of the House of Representatives," and to "indorse upon the envelope containing such deposition or testimony the name of the case in which it is taken, together with the name of the party in whose behalf it is taken," and to "subscribe such indorsement," etc. R. S. § 127, amended by Act March 2, 1875, c. 119, § 1, 18 Stat. 338, and Act March 2, 1887, c. 318, 24 Stat. 445 (U. S. Comp. Stats. § 184).

Other points are made by appellee, but the judgment may be affirmed, with the observation that in no event will an action of this sort lie unless it is made to appear that there has been a compliance with every substantial requirement of the statute. Before a contestant may complain of an alleged failure of the clerk of the House of Representatives to print testimony forwarded to him, it must be made to appear that the requirements of the statute, in the nature of conditions precedent, have been complied with by the contestant, and this, as we have seen, appellant has not done.

The judgment is affirmed, with costs.

Affirmed.